YURI MIKULKA (State Bar No. 185926)
E-mail: yuri.mikulka@alston.com
H. JAMES ABE (State Bar No. 265534)
E-mail: james.abe@alston.com
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone: 213-576-1000
Facsimile: 213-576-1100

*Attorneys for Plaintiffs*
*SRK Engineering Inc. and Jeremy Kirkpatrick*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SRK ENGINEERING INC. a California corporation, JEREMY KIRKPATRICK, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN BABCOCK, an individual, and INSIDE BET, LLC, a Utah limited liability company, ALL THE WALLS, INC., a Utah corporation,<br><br>Defendants. | Case No.: 2:19-cv-9987<br><br>**COMPLAINT FOR CORRECTION OF INVENTORSHIP AND DECLARATORY JUDGMENT OF PATENT OWNERSHIP, BREACH OF ORAL CONTRACT**<br><br>**DEMAND FOR JURY TRIAL** |

SRK Engineering Inc. ("SRK") and Jeremy Kirkpatrick ("Kirkpatrick") (collectively, "Plaintiffs"), by and through their attorneys, Alston & Bird LLP, file this Complaint for Correction of Inventorship and Declaratory Judgment of Patent Ownership, Breach of Oral Contract against Defendants John Babcock ("Babcock"), Inside Bet, LLC ("Inside Bet"), and All the Walls, Inc., ("All the Walls") (Babcock, Inside Bet, and All the Walls, collectively, "Defendants"), and, in support thereof, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this case arises under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. § 256.

2. This Court has personal jurisdiction because Defendants have sufficient contacts with California to subject them to personal jurisdiction. For example, Defendants conduct business in California continuously and systematically. In particular, Babcock, was hired by Plaintiff SRK, a California corporation located in California, for business occurring in California for which the present claims arise out of and relate to.

3. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' claim of ownership over certain patent rights, and Plaintiffs' claim of breach of oral contract.

4. This Court has jurisdiction, pursuant to 28 U.S.C. § 1332, as diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000 exclusive of interests and costs.

5. This Court has declaratory judgment jurisdiction under Plaintiffs' claim of ownership of certain patent rights under 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 (b) and (c) at least because Defendants (1) have committed acts as described herein in this judicial district which is a substantial part of the events giving rise to the present claims

and (2) are subject to personal jurisdiction in this court.  Specifically, Defendants conducted work for Plaintiff SRK in California as a paid consultant, and Defendants' violative acts as described herein were directed at Plaintiffs and affected Plaintiffs' activities in this district, and arise out of those works conducted in California.

## NATURE OF THE SUIT

7.   This is an action arising under the patent laws of the United States, Title 35 of the United States Code, to seek correction of inventorship and assignment of patent rights with respect to U.S. Patent Nos. 10,087,598 ("the '598 patent"), 10,280,583 ("the '583 patent"), 10,337,164 ("the '164 patent"), and 10,400,418 ("the '418 patent") (collectively, the "Patents-in-Suit").

8.   By this action, Plaintiffs seek to add Jeremy Kirkpatrick as a co-inventor to the Patents-in-Suit.

9.   Plaintiffs also seek assignment of the Patents-in-Suit to Plaintiff SRK, the rightful owner.

## PARTIES

10.   Plaintiff SRK is a corporation organized and existing under the laws of California, with its principal place of business at 2615 Auto Park Way, Escondido, CA 92029 and offices in Orange County, California.

11.   Plaintiff Kirkpatrick is a California resident and Vice President of Plaintiff SRK.

12.   Upon information and belief, Defendant Babcock is a Utah resident and the president of Inside Bet and All the Walls.  Babcock is a named inventor of the Patents-in-Suit.

13.   Upon information and belief, Defendant Inside Bet is a limited liability company organized and existing under the laws of Utah, with its principal place of business at 3321 Eden Hills Dr., Eden, UT 84310.

/ / /

/ / /

14. Upon information and belief, Defendant All the Walls is a corporation organized and existing under the laws of Utah, with its principal place of 3321 Eden Hills Dr., Eden, UT 84310.

## GENERAL ALLEGATIONS

15. SRK is an engineering company that, among other things, designs and develops retaining wall structures for construction projects.

16. Kirkpatrick is a co-founder and Vice President of SRK.

17. Kirkpatrick has worked as a field engineer, superintendent, and project manager on bridge, highway, airport, and pipeline projects for numerous agencies in Southern California, including working for construction companies like Flatiron Construction ("Flatiron") and Kiewit.

18. In 2014, Kirkpatrick co-founded SRK.

19. Around 2015, SRK hired Babcock and All the Walls as a contractor to help invent retaining wall systems for SRK. Among the primary duties of Babcock and All the Walls were to design, develop and otherwise invent retaining wall structures for SRK. SRK has paid Babcock and All the Walls significant fees for those tasks.

20. During the course of Babcock's work for SRK, Kirkpatrick conceived of the use of a unique wall panel system wherein the panel faces of the upper tier wall panels are coplanar with the panel faces of the lower tier wall panels ("Coplanar Wall").

21. This Coplanar Wall system was subsequently used and reduced to practice in certain projects by SRK. Kirkpatrick had significant involvement in those projects and reducing to practice the Coplanar Wall system.

22. During Babcock's work for SRK, Kirkpatrick also conceived of and suggested forming the face joint member into the counterfort together to develop a monolithic construction ("Monolithic Structure").

23. The Monolithic Structure system was subsequently used in projects by SRK and has been reduced to practice. Kirkpatrick had significant involvement in those projects and in reducing to practice the Monolithic Structure system.

24. On September 28, 2017, unbeknownst to Plaintiffs and without their authorization, Babcock and Inside Bet applied for a U.S. patent by filing U.S. Patent Application Ser. No. 15/719,397 ("the '397 application"), naming Babcock as the sole inventor.

25. On June 18, 2018, unbeknownst to Plaintiffs and without their authorization, Babcock and Inside Bet filed U.S. Patent Application Ser. No. 16/011,486 ("the '486 application"), which was a continuation-in-part application of the '397 application.

26. On September 28, 2018, unbeknownst to Plaintiffs and without their authorization, Babcock and Inside Bet filed U.S. Patent Application Ser. Nos. 16/146,873 ("the '873 application") and 16/146,961 ("the '961 application"), which were both continuation-in-part applications of the '486 application.

27. On October 2, 2018, the '397 application issued as the '598 patent.

28. On May 7, 2019, the '961 application issued as the '583 patent.

29. On June 2, 2019, the '873 application issued as the '164 patent.

30. On September 3, 2019, the '486 application issued as the '418 patent.

31. The Patents-in-Suit all relate to retaining wall systems.

32. The Patents-in-Suit comprise inventions to which Kirkpatrick contributed to and which were conceived in the course of Babcock's work for SRK for which he was compensated.

33. For example, the Coplanar Wall system invented by Kirkpatrick is embodied in one or more claims of the Patents-in-Suit, including in Claims 1, 14, and 19 of the '598 patent. Illustrating the importance of the co-planar system, during prosecution of the '598 patent, Babcock expressly added a co-planar limitation "wherein the wall panels of a first tier are coplanar to wall panels of a second tier" via amendment to overcome a prior art rejection. Thus, Kirkpatrick's contribution to the claimed subject matter of the '598 patent was significant to the issuance of the '598 patent.

34. The Coplanar Wall system invented by Kirkpatrick is also embodied in Claims 16, 20, and 23 of the '418 patent. The '418 patent is a child patent of the '598 patent and, therefore, Kirkpatrick's contribution to the claimed subject matter of the '418 patent was significant as well.

35. The Monolithic Structure system invented by Kirkpatrick is embodied in one or more claims of the Patents-in-Suit, including Claim 21 of the '598 patent, Claim 2 of the '583 patent, and Claim 10 of the '164 patent. Kirkpatrick's contribution was significant to the patented invention of the '583 and '164 patents.

36. During a meeting on or around November 27, 2018, Babcock on his behalf and on behalf of Inside Bet verbally agreed with Kirkpatrick that Babcock would add Kirkpatrick as a co-inventor of the '598 patent.

37. On March 25, 2019, Defendants changed their position and stated they will not add Kirkpatrick as a co-inventor, stating for the first time that Kirkpatrick was not a co-inventor of the '598 patent and demanding that SRK pay Babcock for a non-exclusive license to the '598 patent.

38. On June 4, 2019, Plaintiffs again requested Defendants that Kirkpatrick be added as co-inventor to properly recognize his contribution and as previously agreed by Defendants.

39. During multiple discussions thereafter, including in early November 2019, Plaintiffs requested Defendants to add Kirkpatrick to the '598 patent, and requested in November 2019 to also add Kirkpatrick as the co-inventor of the '583 patent, the '164 patent, and the '418 patent, and/or to otherwise assign the Patents-in-Suit to SRK.

40. Despite repeated requests, Defendants have refused to comply with the requests.

/ / /

/ / /

/ / /

/ / /

# COUNT I

## Correction of Inventorship, 35 U.S.C. § 256

### (As to Defendants Babcock and Inside Bet)

41. Plaintiffs incorporates herein by reference each and every allegation contained in paragraphs 1–40, above.

42. The Patents-in-Suit do not list Kirkpatrick as a co-inventor.

43. Kirkpatrick has materially contributed to the conception and reduction to practice of significant features of the invention recited in the claims of the Patents-in-Suit.

44. Kirkpatrick has reputational interests in being named as an inventor of the Patents-in-Suit.

45. Plaintiff SRK has an ownership interest in the Patents-in-Suit because Kirkpatrick was obligated to assign to SRK any invention developed during the course of his work for SRK.

46. Plaintiffs did not engage in any deceptive acts that led to Babcock's and Inside Bet's failure to name Kirkpatrick as a co-inventor.

47. As a direct, proximate, and foreseeable result of Defendants' failure to include Kirkpatrick as a co-inventor, Plaintiffs have been damaged, including by not receiving the benefit to the rights in the Patents-in-Suit.

48. Because Kirkpatrick is an inventor of the claimed subject matter of the Patents-in-Suit, the Court should issue an order directing the U.S. Patent and Trademark Office to issue a certificate of correction to add Kirkpatrick as a named inventor of the Patents-in-Suit.

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR CORRECTION OF INVENTORSHIP, AND DECLARATORY JUDGMENT OF PATENT OWNERSHIP, BREACH OF ORAL CONTRACT

# COUNT II

## Assignment of Ownership

### (As to All Defendants)

49. Plaintiffs incorporates herein by reference each and every allegation contained in paragraphs 1–48, above.

50. Babcock was retained by SRK to invent retaining wall systems and was obligated to assign to Plaintiff SRK inventions developed during the course of his work for Plaintiff SRK.

51. Babcock conceived and co-conceived of certain retaining wall designs during the course of his work for Plaintiff SRK.

52. SRK has an ownership interest in the Patents-in-Suit because they incorporate the wall designs that Babcock and Kirkpatrick co-invented during their contract work for SRK and they are obligated to assign any invention derived during their work to SRK.

53. SRK paid Babcock a total of $279,000 for the wall systems that he co-invented during the course of his work for SRK.

54. There is an actual, substantial, and continuing case or controversy between Plaintiffs and Defendants regarding whether Babcock and All the Walls were required to assign the rights to the Patents-in-Suit, and any related patents, to SRK, and whether Inside Bet is the rightful assignee of the Patents-in-Suit.

55. Defendants' refusal to assign the Patents-in-Suit to SRK and to instead assert ownership of the Patents-in-Suit against SRK create an actual case or controversy which is real and substantial.

56. Unless Plaintiffs obtain from this Court a declaratory judgment of the ownership of all rights, title and interest in the Patents-in-Suit, they face significant harm.

57. As a direct, proximate, and foreseeable result of Defendants' refusal to assign the Patents-in-Suit to SRK and to instead assert ownership of the Patents-in-Suit

against SRK, Plaintiffs have been damaged, including by not receiving the benefit to the rights in the Patents-in-Suit.

## COUNT III

### Breach of Oral Contract

### (As to Babcock and Inside Bet)

58. Plaintiffs incorporates herein by reference each and every allegation contained in paragraphs 1–57, above.

59. On or around November 27, 2018, Babcock and Inside Bet verbally agreed to add Kirkpatrick as a co-inventor of the '598 Patent.

60. Kirkpatrick performed all of his material obligations owned to Babcock and Inside Bet pursuant to the agreements between the parties.

61. Defendants Babcock and Inside Bet breached the agreement by refusing to add Kirkpatrick as a co-inventor of the '589 Patent.

62. Plaintiffs are informed and believe, and on that basis allege, that Babcock has no valid legal excuse or justification for refusing to add Kirkpatrick as the co-inventor of the '589 Patent to SRK.

63. As a direct, proximate, and foreseeable result of Defendants breach of the agreement, Plaintiffs have been damaged, including by not receiving the benefit to their rights in the '589 Patent.

64. Defendants' breach of the agreement was material and amounted to a failure of consideration such that Plaintiffs are relieved from any further performance under the agreement.

65. As a direct, proximate, and foreseeable result of Defendants' refusal to add Kirkpatrick as co-inventor of the '589 Patent, Plaintiffs have been damaged by not receiving the benefit to the rights in the '589 Patent.

/ / /

/ / /

/ / /

Case 2:19-cv-09987-CAS-AS   Document 1   Filed 11/21/19   Page 10 of 11   Page ID #:10

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment against Defendants as follows:

a) For a judgment in favor of Plaintiffs against Defendants on all claims as described herein;

b) For an order directing the Commissioner of Patent to add Kirkpatrick as a co-inventor of the Patents-in-Suit;

c) For a declaratory judgment declaring Plaintiff SRK owns all rights, title, and interest in the Patents-in-Suit or an indivisible co-ownership interest in the Patents-in-Suit and all rights to recover or seek injunctive or other relief for the full remaining term of the Patents-in-Suit;

d) Awarding Plaintiffs damages in an amount to be determined at trial;

e) For an order declaring this to be an exceptional case pursuant to 35 U.S.C. § 285;

f) For an award to Plaintiff of its reasonable attorney fees and full costs; and

g) For such further relief as the Court may deem just and appropriate.

Respectfully submitted,

DATED:  November 21, 2019     **ALSTON & BIRD LLP**

*/s/ Yuri Mikulka*

YURI MIKULKA (Cal. Bar No. 93709)
 yuri.mikulka@alston.com
H. JAMES ABE (Cal. Bar No. 265534)
 james.abe@alston.com
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA  90071
Telephone:  (213) 576-1000
Facsimile:  (213) 576-1100

*Attorneys for Plaintiffs SRK Engineering Inc. and Jeremy Kirkpatrick*

COMPLAINT FOR CORRECTION OF INVENTORSHIP, AND DECLARATORY JUDGMENT OF PATENT OWNERSHIP, BREACH OF ORAL CONTRACT

**DEMAND FOR JURY TRIAL**

Plaintiffs request a jury trial of all issues triable by a jury.

Respectfully submitted,

DATED: November 21, 2019   **ALSTON & BIRD LLP**

/s/ Yuri Mikulka

YURI MIKULKA (Cal. Bar No. 93709)
 yuri.mikulka@alston.com
H. JAMES ABE (Cal. Bar No. 265534)
 james.abe@alston.com
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100

*Attorneys for Plaintiffs SRK Engineering Inc. and Jeremy Kirkpatrick*